UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE and BRENDA GROLEAU,

    Plaintiffs,                                Case No. 22-12339

v.                                         Hon. Denise Page Hood

CITY OF DETROIT,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS [ECF No. 10]**

## I.    INTRODUCTION

*Pro se* Plaintiffs, husband and wife Wayne and Brenda Groleau, filed a 42 U.S.C. § 1983 amended complaint, alleging 14th Amendment procedural and substantive due process violations (Counts I and II), unreasonable seizure in violation of the 4th Amendment (Count III), and a takings claim pursuant to the 5th Amendment (Count IV). ECF No. 9.

Defendant City of Detroit filed a Motion to Dismiss Amended Complaint on November 14, 2022. ECF No. 10. The Motion is fully briefed. For the reasons that follow, the Motion is granted.

## II.    BACKGROUND

1

Plaintiffs purchased the subject property, 4801 Sturtevant Street, in the Russell Woods-Sullivan historic district of Detroit, at a tax auction in October 2018. ECF No. 9, ¶ 19. In October 2018, Plaintiffs applied for and obtained a building permit to begin certain repairs at the house on the property. *Id.* Plaintiffs applied for a second building permit to repair the porch in October 2019. *Id.* Plaintiffs allege that, on October 5, 2019, they "received [from the City of Detroit Building Department] a stop work order notice and our home at 4801 Sturtevant has been 'stop work ordered' ever since." *Id.* at ¶¶ 12, 19-20.

The stop work order identified three City of Detroit Historic District Commission (the "City Historic Commission") violations. ECF No. 10, Ex. 1 (at Ex. A at 12). These violations were "(1) the removal of cedar shake shingles at the rear of the house, which were replaced by painted horizontal lap siding on the first story and stucco with painted half-timbering on the second story, (2) the reconfiguration and elimination of window and door openings at the rear of the house, and (3) the removal and alteration of other windows at the house." *Id.* at 9. After that stop work order was received, Plaintiffs "applied to the [City Historic] Commission for a certificate of appropriateness," which was denied on November 19, 2019. *Id.* On January 25, 2020, Plaintiffs submitted a new project review request in support of his application for a certificate of appropriateness. *Id.* at 10.

2

In the new filing, Plaintiffs presented additional arguments for why the work already begun should be deemed appropriate by the City Historic Commission. *Id.* The City Historic Commission considered Plaintiffs' new arguments at its February 12, 2020 meeting. The City Historic Commission noted that, although Plaintiffs presented additional narrative and context about the work that had been done to the house, he did not present a specific proposal for how the violations would be corrected. The City Historic Commission did not take further action on Plaintiffs' submission because it concluded that "the application before the [City Historic] Commission has not beEN modified to constitute a new application." *Id.*

On February 25, 2020, Plaintiffs filed an appeal from the Notice of Denial issued by the City Historic Commission. *Id*. at 1.  Administrative Law Judge Paul Smith (the "ALJ") presided over the appeal from the Notice of Denial issued by the City Historic Commission at a hearing held, via telephone, on April 17, 2020. *Id*. at 2.  Testimony was heard, exhibits submitted, arguments made, and supplemental briefing was submitted by Plaintiffs, with permission. *Id*. at 4-9. The ALJ recommended that the City Historic Commission's denial of the certificate of appropriateness for Plaintiffs' renovations be affirmed. *Id*. at 16.  In a "unanimous vote at a meeting taking place on January 29, 2021, the State Historic Preservation Review Board" adopted "in its entirety as its own, the Amended Proposal for

3

Decision issued and entered on November 30, 2020 by Administrative Law Judge Paul Smith of the Michigan Office of Administrative Hearings and Rules." ECF No. 10, Ex. 1 at 1.

Plaintiffs filed an appeal action of the Michigan State Historic Preservation Review Board decision in the State of Michigan, Wayne County Circuit Court, on April 13, 2021. ECF No. 10, Ex. 2. The case was heard before Judge Leslie Kim Smith, and titled *Wayne Groleau v. Detroit Historic District Commission*, Case No. 21-004684-AV. *Id*. Plaintiffs alleged in their Circuit Court appeal that there were "Substantive due process violations," including that they had "unnecessary loss of property rights and liberty;" "procedural due process" violations including the "error and lack of fairness under the existing process was the absence of legally required documents at the hearing;" and that the "seizing of the property in the form of a stop work order has no legal foundation." ECF No. 10, Ex. 4 (Plaintiffs' June 24, 2021 Reply Brief on Appeal) at 11-13.

The Circuit Court affirmed that Michigan State Historic Preservation Review Board decision on August 16, 2021, in a 13-page Opinion. *See* ECF No. 19, Ex. 3. This decision included the holding that "Appellant Groleau's due process rights were not violated because Appellee Detroit Historic District Commission allowed him the opportunity to present new evidence related to his

proposal and he was given the opportunity to have his case heard without limitation." *Id*. at 12-13.

## III. APPLICABLE LAW

### A. Rule 12(b)(1)

> Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id*.
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

Defendants assert that their motion constitutes a factual attack. ECF No. 10, PgID.112. As Defendants state, Plaintiff's allegations need not be presumed true, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. The Court "has wide

discretion" to consider affidavits and documents "to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir 2007).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less

6

stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## IV. ANALYSIS

### A. *Rooker-Feldman* doctrine

Pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 674 (6th Cir. 2018) (citation and internal quotations omitted) (*Rooker-Feldman* doctrine "precludes federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments"); *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine " prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment").

Plaintiffs' alleged injuries stem from Defendant's alleged conduct in issuing the stop work order, denying the certificate of appropriateness, and allowing Plaintiffs to repair the property, which Plaintiffs allege violated their Fourth, Fifth, and Fourteenth Amendment rights. There is indisputable evidence that Plaintiffs (by Wayne Groleau, Brenda Groleau's husband) asserted that Defendant violated Plaintiffs' substantive and due process rights, including during the proceedings before the City Historic Commission, the ALJ/State Historic Preservation Review Board, and Wayne County Circuit Court. *See, e.g.*, ECF No. 10, Ex. 4 at 3, 6, 9-13.

The Wayne County Circuit Court specifically considered Plaintiffs' due process arguments, as evidenced by its holding that "Appellant Groleau's due process rights were not violated because Appellee Detroit Historic District Commission allowed him the opportunity to present new evidence related to his proposal and he was given the opportunity to have his case heard without limitation." ECF No. 10, Ex. 3 at 12-13. *See also* ECF No. 10, Ex. 3 at 8 (discussing whether "[a]n appellant is . . . entitled to procedural due process or substantive due process . . .") and 9 (noting that "Appellant Groleau argues that his constitutional rights have been violated.").

To grant Plaintiffs the relief they seek, the Court would have to review and reverse the determination rendered by the Wayne County Circuit Court that Plaintiffs' due process rights were not violated. The Court also would have to ignore the decisions of the Detroit Historic Commission and the State Historic Preservation Review Board, which decisions Plaintiffs appealed to the Wayne County Circuit Court. For the Court to engage in that level of review, the Court would have to overlook – and violate – the established principles of the *Rooker-Feldman* doctrine. This Court will not do so. *See, e.g., United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (a federal district court "may not hear an appeal of a case already litigated in state court.").

Accordingly, the Court declines to exercise jurisdiction over Plaintiff's cause of action pursuant to the *Rooker-Feldman* doctrine.

### B. *Res Judicata* Operates to Bar Plaintiffs' Claims

The Court also concludes that Plaintiffs' claims in the instant case seek to revisit many of the issues previously decided – or allege claims that could have been raised – in the state court lawsuit filed by Plaintiffs and decided by the Wayne County Circuit Court. The Full Faith and Credit Act provides, in relevant part, that "the records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they

have by law or usage in the courts of the state from which they are taken." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004). Under Michigan law, a final judgment on the merits bars a subsequent suit involving the same transaction or occurrence and the same parties. *See, e.g., Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569 (2001).

*Res judicata* will apply if: (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell*, 463 Mich. at 575; *Dart v. Dart*, 460 Mich. 573, 586 (1999) (in Michigan, *res judicata* "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not"); *Peterson*, 259 Mich.App. at 11. For *res judicata* purposes, the test for determining whether two claims arise out of the same transaction or occurrence is whether the same facts or evidence are essential to the

10

maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).

The Court has reviewed the underlying nature of the matter decided by the Wayne County Circuit Court, a case involving the same named parties as the named parties in this case. The Court concludes that Plaintiffs' claims in the instant case seek to revisit many of the issues previously decided – specifically, Plaintiffs' substantive and procedural due process claims. Plaintiffs also could have raised their Fourth Amendment claim – which arises out of the same facts and evidence – against Defendant before the City Historic Commission, the ALJ, and the State Historic Preservation Review Board, and certainly could have raised their Fourth Amendment claim against Defendant in the Wayne County Circuit Court action. Accordingly, Plaintiff's claims against Defendant are barred by *res judicata*.

### C. Miscellaneous Arguments

The parties briefed and argued about the parameters of the National Historic Preservation Act ("NHPA"). Both parties recognize that the NHPA does not afford a private right of action, and Plaintiffs concede that none of their claims are based on the NHPA. As Defendant notes, however, even in the Amended Complaint, Plaintiffs do reference the NHPA (and also mention the NHPA in their

11

arguments in Plaintiffs' response brief). The Court agrees that Plaintiffs cannot proceed under the NHPA because there is no private right of action under the NHPA. To the extent any argument is grounded in the NHPA, the Court has not considered the NHPA aspect of the argument.

Plaintiffs allege and argue that Defendant's issuance of the stop work order constituted a seizure or a "regulatory taking" of the 1801 Sturtevant property. ECF No. 9, PageID.101-04, 106. Plaintiffs rely on inapplicable cases from outside the Sixth Circuit where the courts failed to hold that the issuance of stop work order, without more, constitutes a seizure or taking of property. Plaintiffs offer no support for their contention that "[p]ossessory interests in real property includes the right to exercise absolute control over it," and the Court finds that it is inconsistent with well-recognized laws and regulations established by zoning ordinances, building departments, etc.

## V. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss Amended Complaint [ECF No. 10] pursuant to the *Rooker-Feldman* doctrine and *res judicata*. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss [ECF No. 10] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' cause of action is DISMISSED.

May 11, 2023

                                                  s/Denise Page Hood
                                                  DENISE PAGE HOOD
                                                  UNITED STATES DISTRICT JUDGE