UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE and BRENDA GROLEAU,

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 22-12339

Hon. Denise Page Hood

**ORDER DENYING PLAINTIFFS' MOTION TO
AMEND/CORRECT ORDER AND JUDGMENT [ECF No. 18]**

**I.     INTRODUCTION**

*Pro se* Plaintiffs, husband and wife Wayne and Brenda Groleau, filed a 42 U.S.C. § 1983 amended complaint ("Complaint"), alleging 14th Amendment procedural and substantive due process violations (Counts I and II), unreasonable seizure in violation of the 4th Amendment (Count III), and a takings claim pursuant to the 5th Amendment (Count IV). The Court granted Defendant City of Detroit's Motion to Dismiss Complaint. ECF No. 16. Plaintiffs subsequently filed a Motion to Amend/Correct Order and Judgment. ECF No. 18. For the reasons that follow, the Motion is denied.

1

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).  Plaintiff has offered no evidence (or even argument) as to any clear error of law, newly discovered evidence, or intervening change in controlling law.

Under Rule 60(b), a court may grant relief from judgment in the event of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the satisfaction, release, or discharge of judgment; an earlier judgment being reversed or vacated; or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.

Judgment also may be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Courts, however, have consistently held that "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted).  In the Sixth

2

Circuit, Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances not addressed by the first five numbered clauses of the rule." *Id.* The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

**III.   ANALYSIS**

The Court finds that Plaintiffs have not met their burden of showing that the judgment should be altered or amended pursuant to Rule 59(e) or Rule 60(b).

Plaintiffs state that the two areas of relief they sought in their Complaint were "the ability to apply for historic tax credits and for the persistent stop work order." ECF No. 18, PageID.233. Plaintiffs argue that, because the Michigan historic tax credit legislation was "launched" in July 2022, neither the *Rooker-Feldman* doctrine nor *res judicata* could bar those historic tax credits.

First, the Court notes that Plaintiffs' arguments in the instant motion greatly exceed the scope of the claims made in their Amended Complaint. The Court did not hold that the *Rooker-Feldman* doctrine or *res judicata* barred any historic tax credits. As set forth below, there was not a claim before the Cour challenging the right to apply for historic tax credits, so the Court did not make any determination regarding Plaintiffs' ability to apply for historic tax credits. Instead, the Court

3

addressed the four constitutional claims Plaintiffs alleged, each of which stemmed from the stop work order and/or the "seizure" of their home:

> (a) First Claim for Relief – "Violations of procedural due process protections necessary prior to and after a "Stop Work Order - Notice of Violation" on our 4801 Sturtevant home. Plaintiffs' 14th amendment procedural due process rights have been violated and this claim adds Section 1983 Monell Liability," ECF No. 9, PageID.89; and
>
> (b) Second Claim for Relief – "Violations of substantive due process protections necessary prior to and after a "Stop Work Order - Notice of Violation" on our 4801 Sturtevant home. Plaintiffs' 14th amendment substantive due process rights have been violated and this claim adds Section 1983 Monell Liability," *id* at PageID.96; and
>
> (c) Third Claim for Relief – "Violation of the Fourth Amendment by unreasonable seizure of our 4801 Sturtevant Home that includes Section 1983 Monell liability," *id*. at PageID.101; and
>
> (d) Fourth Claim for Relief – "Violation of the Takings Clause of the Fifth Amendment by interference with property that includes Section 1983 Monell liability." *Id.* at PageID.103.

Based on Plaintiffs' claims, the Court held that: (1) Plaintiffs' challenge to the stop work order, as well as their claims of substantive and procedural due process violations, were barred by the *Rooker-Feldman* doctrine and *res judicata*; and (2) their Fourth Amendment claim was barred by *res judicata*. See ECF No. 16, PageID.224, 226. Plaintiffs have not submitted any evidence or argument that persuades the Court that its holding was unwarranted.

4

Second, although Plaintiffs undoubtedly are accurate in stating that historic tax credits are important for all Detroit Historic District homeowners, ECF No. 18, PageID.234, that has no bearing on the legal issues that were presented to the Court. Third, the Court's Order does not, as Plaintiffs suggest, expressly or implicitly provide that Defendant does not have to provide their residents with historic tax credit opportunities, nor does the Court's Order otherwise address the process for historic tax credit opportunities. *Id.* at PageID.235.

Fourth, to the extent that any "recent developments on historic tax credits" should have been considered by the Court, such recent developments were not presented to the Court by either party before it considered the Motion. Based on the Court's review of the Motion to Amend/Correct Order and Judgment, it also is not clear that such developments would have had any bearing on the issues before the Court.

For the reasons set forth above, the Court finds that Plaintiffs have not and cannot satisfy the requirements of Rule 59(e) or Rule 60(b)(1)-(5). Further, the Court concludes that Plaintiffs have failed to meet their burden to demonstrate any other reason that justifies relief pursuant to Rule 60(b)(6) or the need to alter or amend the judgment to prevent manifest injustice. Plaintiffs' Motion to Amend/Correct Order and Judgment is denied.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Amend/Correct Order and Judgment (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that this cause of action remains CLOSED, and Plaintiffs may not seek further relief in this Court with respect to this cause of action.

Dated: July 29, 2024

S/DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE